UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PAUL ENOS                                   :
                                            :
        v.                                  :        C.A. No. 11-098ML
                                            :
UNION STONE, INC.                           :


**MEMORANDUM AND ORDER**


Pending before me for determination (28 U.S.C. § 636(b)(1)(A)) is Plaintiff's Motion for

Assessment of Attorney's Fees Against Defendant.  (Document No. 55).  Defendant opposes the

Motion.  (Document No. 57).

**Background**

Plaintiff commenced this action under the Employee Retirement Income Security Act

("ERISA") and the Labor Management Relations Act ("LMRA") to enforce Defendant's obligation

to pay fringe benefit contributions due under the terms of a collective bargaining agreement

("CBA").  (Document No. 1).  Plaintiff alleged that Defendant is a signatory to a collective

bargaining agreement with the Rhode Island Bricklayers Union and failed to make benefit

contributions totaling $45,266.36 for the years 2008 through 2010.  Id. at p. 2.  Defendant's Answer

neither admitted nor denied Plaintiff's allegations and claimed lack of sufficient information.[1]

(Document No. 4).

On May 7, 2012, Chief Judge Lisi entered partial summary judgment in favor of Plaintiff "in

the amount of $22,502.66, the undisputed amount that Defendant owes to Plaintiff as a result of

---

[1] Despite asserting lack of knowledge in its Answer, Defendant, in a later Rule 16 Statement (Document No. 12), definitively asserted that it had "paid all benefit contributions required of it to the Plaintiff" and "has compiled a binder of information to prove its position that will be provided to the Plaintiff."

merger of the Rhode Island Bricklayers Benefit Funds and the Massachusetts Bricklayers Benefit Funds." (Document No. 21). On August 22, 2012, at the conclusion of a two-day bench trial, Chief Judge Lisi again ruled in favor of Plaintiff and found Defendant to be liable for an additional $12,909.62 in unpaid contributions for a total due to Plaintiff for unpaid contributions of $35,412.28. She also assessed contractual interest of $12,394.30[2] on such unpaid contributions and permitted Plaintiff to submit a claim for attorney's fees.

**Discussion**

Plaintiff now moves for an award of attorney's fees in the amount of $51,124.00. In the Complaint, Plaintiff alleged that Defendant's failure to make the required fringe benefit fund contributions was in violation of both ERISA (Count I) and the applicable CBA (Count II). Under ERISA, in an action such as this brought to recover delinquent benefit fund contributions pursuant to 29 U.S.C. § 1145, the Court "shall award the plan...reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2)(D). Similarly, Article VIII of the applicable CBA (dealing with benefit fund contributions) requires in Section 8 that "[a]ll Attorney's fees, Sheriff's costs, Accounting and Court costs, incurred to collect contributions from a delinquent Employer, must be paid by the delinquent Employer." (Document No. 1-2 at p. 8). Thus, under both ERISA and the CBA, an award of reasonable attorney's fees is mandated since the Benefit Funds have prevailed in their action for delinquent contributions. See U.A.W. Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 285 (3rd Cir. 2007) ("It is undisputed that ERISA mandates an award of reasonable attorneys' fees when...a fund prevails in an action for unpaid contributions

---

[2] While both parties address the issue of interest in their attorney's fees submissions, Chief Judge Lisi awarded interest from the bench in her decision at the conclusion of the bench trial and thus the issue of interest has already been ruled upon by the Court.

pursuant to 29 U.S.C. § 1145."); and <u>Fanning, CEO of the Cent. Pension Fund v. Langenfelder Marine, Inc.</u>, 703 F. Supp. 2d 23, 26 (D.D.C. 2010) (ERISA "requires" that attorney's fees be awarded to prevailing plan fiduciaries in collection actions.).

Defendant's opposition to Plaintiff's fee request is premised on a flawed legal conclusion. Defendant cites <u>Wegner v. Standard Ins. Co.</u>, 129 F.3d 814 (5th Cir. 1997), for the proposition that the "decision to award attorney's fees is discretionary." (Document No. 57 at p. 1). However, the <u>Wegner</u> case involved a claim brought by a beneficiary under 29 U.S.C. § 1132 which only provides for discretionary attorney's fees under 29 U.S.C. § 1132(g)(1). This case involves a claim by a plan fiduciary under 29 U.S.C. § 1145. Thus, it is governed by 29 U.S.C. § 1132(g)(2)(D) which, as previously explained, mandates the award of attorney's fees to a prevailing plaintiff. <u>See</u> <u>U.A.W. Local 259</u>, 501 F.3d at 294 (noting that Congress amended ERISA in 1980 to provide for mandatory attorney's fees in delinquent contribution actions "to address the 'substantial number of employers' who 'fail[ed] to make their promised contributions' on a regular and timely basis") (<u>quoting Laborers H&W Trust Fund v. Advanced Lightweight Concrete Co.</u>, 484 U.S. 539, 546 (1988)). "Congress saw fit to impose on trust funds a statutory and fiduciary duty to collect contributions that are owed under ERISA, and to mandate that the courts grant them attorney's fees whenever they prevail." <u>Bldg. Serv. Local 47 Pension Plan v. Grandview Raceway</u>, 46 F.3d 1392, 1401 (6th Cir. 1995).

In its opposition (Document No. 57), Defendant does not argue that the $300.00 per hour billing rate of Plaintiff's counsel, an experienced ERISA litigator, is unreasonable, or specifically identify any tasks performed on the case that were not reasonable and necessary to the successful

prosecution of this collection case.[3]  Rather, Defendant argues that "[t]hese are self inflicted attorney fees"[4] because Plaintiff rejected a "reasonable" Rule 68 Offer of Judgment in the amount of $52,502.66 (comprised of the $22,502.66 partial summary judgment award and $30,000.00 in attorney's fees).  (Document No. 57 at p. 1).  However, Defendant fails to recognize that Plaintiff consistently claimed that there were additional amounts owed and prevailed at trial in recovering additional amounts totaling $25,303.92 (consisting of $12,909.62 in unpaid contributions and $12,394.30 in interest) for a total award of $47,806.58 exclusive of attorney's fees.  Thus, it is difficult to view the rejection of an Offer of Judgment of $52,502.66 inclusive of attorney's fees to be unreasonable.  In fact, Plaintiff counters that Defendant was unreasonable in rejecting a pretrial offer to settle for $58,954.47 (Document No. 55-2) and an offer made prior to the start of Day 2 of the bench trial to settle for $87,806.58 (Document No. 55-3).

In the end, this case was about Defendant's failure to make contractually-required benefit contributions to ERISA-regulated trust funds, and it lost.  It was Defendant's obligation, as an employer, to make all required payments for the benefit of its employees and to keep records substantiating such payments.  Defendant apparently did not do so, and Plaintiff prevailed at trial in proving that Defendant was delinquent in the amount of $47,806.58 with interest.  Defendant had numerous opportunities to settle this case over the years, and it did not do so.  It could have resolved

---

[3] In a prior submission, Defendant identified several billing entities totaling approximately twelve hours which it claimed were unreasonable, unnecessary and/or unproductive undertakings.  (Document No. 38 at p. 2).  However, upon review, I find these entries to be reasonable and appropriate in connection with pursuing this action and exploring alternative avenues of recovery of delinquent contributions.

[4] Defendant also argues that the fees were "self inflicted" because "Plaintiff decided not to go forward with trial [on June 7, 2012] and agreed to a resolution of the case on the record."  (Document No. 57 at p. 1).  However, Chief Judge Lisi has rejected Defendant's claim that the case was settled on June 7, 2012 (the date of the aborted bench trial), denied a related motion for Rule 11 sanctions which she described as "ill conceived," and agreed with Plaintiff's view of the relevant events.  (Document No. 54).  Thus, Plaintiff cannot be faulted for agreeing to abort the initial trial and should not be penalized in its fee request for doing so.

its delinquency after the payroll audit conducted by the Benefit Funds in 2010, in early 2011 before this litigation was commenced, in April 2011 when it was served with the Complaint in this case, in September 2011 when the attorneys met with Chief Judge Lisi for a scheduling conference and she encouraged them to resolve the case before legal expenses mounted, and in November 2011 when I spent the afternoon with the parties trying to mediate a resolution to avoid the expense of further litigation.  Defendant was aware, or should have been aware, all along, that an award of attorney's fees would accompany any adverse judgment.  Despite this knowledge, Defendant did not resolve the case, and Plaintiff was forced to pursue and prove its delinquency claim in preparing and filing a summary judgment motion and then later preparing for and participating in a bench trial.

As explained above, the award of reasonable attorney's fees to Plaintiff in these circumstances is legally mandated by ERISA and the applicable CBA, and Defendant has not shown that the amount of Plaintiff's fee request is unsupported or unreasonable under these circumstances. Accordingly, Plaintiff's Motion for Assessment of Attorney's Fees against Defendant (Document No. 55) in the amount of $51,124.00 is GRANTED.

SO ORDERED


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 19, 2012